IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CENTRIPETAL NETWORKS, INC.,

    Plaintiff,

v.                                              Civil Action No. 2:17cv383

KEYSIGHT TECHNOLOGIES, INC. &
IXIA,

    Defendants.

## OPINION & ORDER

This matter came before the Court pursuant to Defendants Keysight Technologies, Inc.'s ("Keysight's") and Ixia's (collectively, "Defendants'") Partial Motion to Dismiss Plaintiff Centripetal Networks, Inc.'s ("Plaintiff's" or "Centripetal's") Complaint ("Motion"). Doc. 20. The Court heard argument on this Motion on November 14, 2017, and reserved ruling on the Motion. After further consideration, and for the reasons stated herein, the Court **DENIES** the Motion **WITHOUT PREJUDICE** to renewing the same arguments under Rule 12(c) after the Markman hearing or at the summary judgment stage.

### I.     BACKGROUND

#### A.     Factual Allegations[1]

This action arises from the alleged infringement of four (4) of Plaintiff's patents: U.S. Patent No. 9,264,370 (the "'370 Patent"), U.S. Patent No. 9,137,205 (the "'205 Patent"), U.S.

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

1

Patent No. 9,560,077 (the "'077 Patent"), and U.S. Patent No. 9,413,722 (the "'722 patent"). Doc. 1 ("Compl.") ¶¶ 6, 9–15.

Plaintiff Centripetal is a network security company incorporated in Delaware with its principal place of business in Herndon, VA. Id. ¶ 1. Defendant Keysight is incorporated in Delaware with its principal place of business in Santa Rosa, CA. Id. ¶ 2. Defendant Ixia is incorporated in California with its principal place of business in Calabasas, CA, and as of April 18, 2017, is owned by Defendant Keysight. Id. ¶ 3.

Plaintiff accuses the Ixia ThreatARMOR devices of infringing the '370 Patent, accuses those devices when used with Ixia's Application and Threat Intelligence servers, such as Ixia's Vision One devices, of infringing the '205 Patent and the '722 Patent, and accuses either setup of infringing the '077 Patent. Id. ¶¶ 16–62. Plaintiff seeks damages; injunctive relief; enhanced damages for willful infringement; attorneys' fees, costs, and expenses; and pre-judgment and post-judgment interest. Id. at 36–37.

B. **Procedural History**

Plaintiff filed its Complaint in this Court on July 20, 2017. See Compl. The Parties filed a consent Motion for and extension of time to respond to the Complaint, Doc. 8, which the Court GRANTED, Doc. 12. Defendants timely filed the instant Motion on September 5, 2017. Doc. 20. They simultaneously filed a Motion to Transfer Venue Under Section 1404(a) or Dismiss for Improper Venue. See Docs. 23–24. They also filed an Answer. Doc. 29. Plaintiff responded in opposition to the instant Motion on September 19, 2017. Doc. 30. Defendants replied on September 25, 2017. Doc. 36. During the pendency of this Motion, Defendants have also filed three notices of additional authority from the Federal Circuit related to the issues in this case. Docs. 43, 46, 47.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Venkatraman, 417 F.3d at 420 ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint [or counterclaim] in the light most favorable to the plaintiff [or counterclaim plaintiff]") (citing Mylan Labs., 7 F.3d at 1134). A complaint establishes facial plausibility "once the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Therefore, the complaint need not include "detailed factual allegations" as long as it pleads "sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." Id. Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In deciding the motion, a court may consider the facts alleged on the face of the complaint as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure

3

§ 1357 (1990)). The court may look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n. 3 (4th Cir. 2004) (citations omitted).

When the Complaint alleges patent infringement, the Court may consider patent eligibility through a motion to dismiss pursuant to Rule 12(b)(6) because eligibility is a question of law. See, e.g., Peschke Map Techs. LLC v. Rouse Properties Inc., 168 F. Supp. 3d 881, 884 (E.D. Va. 2016). The Federal Circuit has recognized that claim construction "will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." Bancorp Servs., L.L.C., 687 F.3d at 1273–74. Nevertheless, this District has often decided patent eligibility without claim construction. See, e.g., Peschke Map Techs. LLC, 168 F. Supp. 3d at 884; Orbcomm Inc. v. CalAmp Corp., No. 3:16cv208, 2016 WL 3965205, at *2 (E.D. Va. July 22, 2016), on reconsideration in part, 215 F. Supp. 3d 499 (E.D. Va. 2016); Asghari-Kamrani v. United Servs. Auto. Ass'n, No. 2:15cv478, 2016 WL 3670804, at *3 (E.D. Va. July 5, 2016). Whether the patent has a presumption of validity at this stage is an open question. Compare Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 720–21 (Fed. Cir. 2014) (Mayer, J., concurring) (denying the presumption because Alice challenges address failures of the U.S. Patent and Trademark Office to properly consider an issue) with CLS Bank, Int'l v. Alice Corp., 717 F.3d 1269, 1304–05 (Fed. Cir. 2013) (en banc) (Rader, J., concurring-in-part, dissenting-in-part) (applying the presumption in order to cabin the judicially created exceptions to patent eligibility).

## III. ANALYSIS

Defendants seek dismissal of Counts I and IV because they allege that the patents at issue in those counts are invalid due to failure to meet the standard for patent eligibility in Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347 (2014). Doc. 20 at 1. "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor...." 35 U.S.C. § 101 (2017). The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." Ass'n for Molecular Pathology v. Myriad Genetics, Inc., 133 S.Ct. 2107, 2116 (2013) (quoting Mayo Collaborative Servs. v. Prometheus Labs., Inc., 566 U.S. 66, 70 (2012)) (alteration and internal quotation marks omitted). The Supreme Court created a two-step framework for assessing whether patents "in essence[] claim nothing more than abstract ideas." Synopsys, Inc. v. Mentor Graphics Corp., 839 F.3d 1138, 1146 (Fed. Cir. 2016). Courts first determine "whether the claims at issue are directed to one of those patent-ineligible concepts." Alice, 134 S. Ct. at 2355. "If so, the court then considers the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." Id. (quoting Mayo, 132 S. Ct. at 1297–98) (internal quotation marks omitted). The second step represents a "search for an '"inventive concept"'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" Id. (quoting Mayo, 132 S. Ct. at 1294).

At the first step of the Alice inquiry, neither the Supreme Court nor the Federal Circuit has defined what constitutes an abstract idea. See Alice, 134 S.Ct. at 2357 ("[W]e need not labor

to delimit the precise contours of the 'abstract ideas' category in this case."); Amdocs (Israel) Ltd. v. Openet Telecom, Inc., 841 F.3d 1288, 1294 (Fed. Cir. 2016) ("[A] search for a single test or definition in the decided cases concerning § 101 from this court, and indeed from the Supreme Court, reveals that at present there is no such single, succinct, usable definition or test."). Because it is unclear what an abstract idea is, it is also unclear how to delineate the precise abstract idea at issue in patent claims. See Synopsys, 839 F.3d at 1150–51. This lack of a definition has been less important in Supreme Court cases because "[i]n the few cases that the Supreme Court has chosen to take it has consistently found that the patent claims were directed to an abstract idea." Asghari-Kamrani, 2016 WL 3670804, at *3 (citing Alice, 134 S.Ct. at 2356; Bilski v. Kappos, 561 U.S. 593, 611 (2010)). In contrast, the Federal Circuit has warned (with support from the Supreme Court's language in Alice) that describing claims at "a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule." Enfish, LLC v. Microsoft Corp., 822 F.3d 1327, 1337 (Fed. Cir. 2016). Thus, the Federal Circuit has added the requirement at step one that a court "ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea." Id. at 1335.

While applying step one of the Alice inquiry, courts should look to past examples of abstract ideas in case law for comparison. See id. at 1334. As one example relevant to this case, the Federal Circuit has "explained in a number of cases that claims involving data collection, analysis, and publication are directed to an abstract idea." EasyWeb Innovations, LLC v. Twitter, Inc., 689 F. App'x 969, 971 (Fed. Cir. 2017) (citing Elec. Power Grp. v. Alstom S.A., 830 F.3d 1350, 1353 (Fed. Cir. 2016); In re TLI Commc'ns LLC Patent Litig., 823 F.3d at 611; FairWarning IP, LLC v. Iatric Sys., Inc., 839 F.3d 1089, 1093–94 (Fed. Cir. 2016)). Limiting an

abstract concept to a particular technological environment also does not make the claim any less abstract. See Intellectual Ventures I LLC v. Capital One Fin. Corp., 850 F.3d 1332, 1340 (Fed. Cir. 2017) (citations omitted).

The second step of the Alice inquiry recognizes that "an invention is not rendered ineligible for patent simply because it involves an abstract concept." Alice, 134 S. Ct. at 2354. "At some level, 'all inventions . . . embody, use reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas" and "[a]pplication[s] of such concepts to a new and useful end . . . remain eligible for patent protection." Id. (quoting Mayo, 132 S.Ct. at 1293–94 and Gottschalk v. Benson, 409 U.S. 63, 67 (1972), respectively) (internal quotation marks omitted). Hence, it is important to "distinguish between patents that claim the building blocks of human ingenuity and those that integrate the building blocks into something more." Id. (quoting Mayo, 132 S. Ct. at 1303) (internal quotation marks omitted). A court must look for "additional features," which "must be more than 'well-understood, routine, conventional activity.'" Intellectual Ventures I LLC v. Capital One Fin. Corp., 850 F.3d at 1341 (quoting Mayo, 132 S.Ct. at 1298). In addition, courts should not confuse the novelty or obviousness of the patent claims with their eligibility for a patent. See Virginia Innovation Scis. Inc. v. Amazon.com, Inc., 227 F. Supp. 3d 582, 598–99 (E.D. Va. 2017) (acknowledging that there is case law to suggest otherwise but concluding that § 102 and § 103 are separate inquiries from § 101's test for eligibility); see also, e.g., Prism Techs. LLC v. T-Mobile USA, Inc., No. 2016-2031, 2017 WL 2705338, at *2 (Fed. Cir. June 23, 2017) (holding that a "novel, effective solution to real-world problems . . . does not rise to the level of an inventive concept.").

The '370 Patent is entitled "Correlating Packets in Communications Networks." Compl., Ex. 1 ("'370 Patent") at 1. The patent consists of two hundred and seven (207) claims that

7

appear to divide into six (6) sets of claims, each of which consist of a method claim and dependent claims, a system claim and dependent claims, and a computer readable media claim and dependent claims. See id. at 14:55–59:31. These sets respectively begin at claims one (1), sixty-four (64), one hundred (100), one hundred thirty three (133), one hundred sixty (160), and one hundred eighty seven (187). See id. The Complaint uses claim twenty two (22), the system claim in the first set, as an example of the alleged infringement. See Compl. ¶¶ 18–23. Defendants agree that claim twenty two (22) is representative, see Doc. 21 at 10, but Plaintiff has disputed that it is representative without explaining why, see Doc. 30 at 28. The Federal Circuit routinely affirms courts that perform their own review of the patent and select a representative claim in the absence of agreement. See, e.g., Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n, 776 F.3d 1343, 1348 (Fed. Cir. 2014). Thus, the Court may determine the representative claim(s) on its own in the absence of future agreement.

The '722 Patent is entitled "Rule-Based Network-Threat Detection." Compl., Ex. 4 ("'722 Patent") at 1. The patent consists of twenty five (25) claims with one method claim and multiple dependent claims, some of which are dependent on one another. The Complaint uses claim one (1) as an example of the alleged infringement. See Compl. ¶¶ 50–62. Defendants again agree that the claim in the Complaint is representative, see Doc. 21 at 5, while Plaintiff again disagrees, see Doc. 30 at 29. The Court may also determine the representative claim(s) of this patent on its own in the absence of future agreement.

While there appears to be considerable merit to the arguments by Defendants in support of the instant Motion, the Court believes that these patents should be addressed either through a motion under Rule 12(c) after the Markman hearing or at the summary judgment stage. Although the Court is not granting the Motion at this time, the Court is concerned that these two

(2) patents are written very broadly, and it is further concerned that the '722 Patent appears to require human intervention in the claims at the point where it could arguably technologically insert an automated step. Thus, the Court **DENIES** the Motion **WITHOUT PREJUDICE** to renewing the same arguments at a later stage of the proceedings.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Motion, Doc. 20, **WITHOUT PREJUDICE** to renewing the same arguments under Rule 12(c) after the <u>Markman</u> hearing or at the summary judgment stage. The Court also **DENIES** the request for judicial notice, Doc. 22, **AS MOOT** because the Court has not used any of those documents at this stage.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 15, 2017